```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

_____
                                     :
PHOTIOS DALAMAGAS,                   :
                                     :
         Plaintiff,                  :   Civil No. 3:16-cv-00638(AWT)
                                     :
v.                                   :
                                     :
                                     :
PETER LEONIDAS, JOHN DOE I-II,       :
                                     :
         Defendants.                 :
                                     :
_____:
```

### ORDER RE MOTION TO DISMISS

Plaintiff Photios Dalamagas ("Dalamagas") brings this action against defendants Peter Leonidas ("Leonidas") and John Does I and II.  Dalamagas brings claims for fraudulent misrepresentation and wage theft; or, in the alternative, unjust enrichment; or, in the alternative, conversion.  Dalamagas has filed a third amended complaint (Doc. No. 31) ("Third Amended Complaint").  Leonidas moves to dismiss all claims.  For the reasons set forth below, his motion is being granted in part and denied in part.

**I.   FACTUAL ALLEGATIONS**

"The complaint, which [the court] must accept as true for purposes of testing its sufficiency, alleges the following circumstances."  *Monsky v. Moraghan*, 127 F. 3d 243, 244 (2d Cir. 1997).

Dalamagas and Leonidas owned equal shares in Soma Technology, Inc., a Connecticut corporation, Soma Technology, International, Inc., Soma Investments, LLC, a Connecticut limited liability company, Soma Tech Pvt. Ltd., an Indian private limited company, Soma Medical Solutions Pvt. Ltd., an Indian private limited company (collectively "SOMA"). (See 3d Am. Compl., ¶ 1).  Dalamagas and Leonidas entered into an Equity Purchase Agreement pursuant to which Leonidas purchased all of Dalamagas' interest in SOMA on November 16, 2012.

Dalamagas alleges that, prior to execution of the Equity Purchase Agreement, Leonidas defrauded him by several means. First, Leonidas hid SOMA's money in other entities, including Axia and Bristol Med Wholesale LLC, and omitted from SOMA's financial records $967,000 owed to SOMA by Bristol Med Wholesale LLC.  Second, Leonidas and John Does I and II underreported SOMA's earnings in its 2012 tax returns and earning reports. Reported lower earnings affected Soma's Earnings Before Interest, Taxes, Depreciation and Amortization ("EBITDA"), which was used by the appraisers upon whom Dalamagas relied to estimate the value of Dalamagas' shares before he sold them to Leonidas.  Dalamagas alleges that these actions by Leonidas and John Does I and II fraudulently caused the earnings per share, and thus the value of SOMA, to appear to be less than it was, which depressed the purchase price.

2

Dalamagas and "[d]efendants Leonidas and John Doe[s] I [and] II agreed that [p]laintiff would be employed by [SOMA] for one (1) year as an employee/consultant after the sale of his equity in SOMA."  (3d Am. Compl., ¶ 58).  Dalamagas alleges that, in addition, Leonidas and John Does I and II "moved monies from SOMA to the personal accounts of [] Leonidas for payment of [Dalamagas'] equity in SOMA," (*id.* ¶ 51), which allowed Leonidas to pay only "$1,020,000 . . . for Plaintiff's shares in SOMA" (*id.* ¶ 47).  Dalamagas alleges that Leonidas and John Does I and II withheld his last paycheck, in the amount of $8,333.33, and also deducted his annual expenses from an earlier paycheck.

## II.  LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff.  *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974).  A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  *See also Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984). "The function of a motion to dismiss is 'merely to assess the legal feasibility of the

3

complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Mytych v. May Dept. Store Co.,* 34 F. Supp. 2d 130, 131 (D. Conn. 1999), quoting *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir. 1984). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." *United States v. Yale New Haven Hosp.,* 727 F. Supp. 784, 786 (D. Conn. 1990) (citing *Scheuer,* 416 U.S. at 232, 94 S. Ct. 1683).

### III. DISCUSSION

#### A. First Cause of Action: Fraud

Leonidas argues that the Third Amended Complaint does not allege scienter "beyond conclusions as to all [d]efendants" because Dalamagas "lumped Leonidas in with John Does 1 [and] II". (Def.'s Mem. in Supp. of Mot. to Dismiss, Doc. No. 38, at 4). Ordinarily this is a serious deficiency. "Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *DiVittorio v. Equidyne Extractive Indus.*, 822 F.2d 1242 (2d Cir. N.Y. 1987). However, here Dalamagas alleges that John Does I and II are alter egos of Leonidas, that they acted as one and that they should be liable as one. He also alleges that "[t]he true names and capacities

4

of John Doe[s] I [and] II are unknown to [p]laintiff, who therefore . . . sues defendants under these fictitious names", and he undertakes to amend the complaint when the true names and capacities of John Does I and II have been ascertained. (3d Am. Compl., ¶ 19).

Leonidas also argues that even if the allegations are taken as being directed at him alone, Dalamages has failed to plead adequate facts to show intent, i.e. that Leonidas had motive and opportunity to commit fraud. However, the factual allegations summarized above demonstrate a motive on the part of Leonidas, namely to pay Dalamagas less money than he would have had to pay him absent the fraud. These allegations also establish that Leonidas had an opportunity to commit fraud in that he was able to influence the financial reporting of SOMA Technology, Inc. in 2012 because it was exclusively under the control of Leonidas and John Does I and II and EDITDA was being used by the appraisers who were valuing SOMA Technology, Inc..

Leonidas argues that there are no allegations explaining how Leonidas "'knew' the records undervalued the company, what company was undervalued, what records were involved, or how the conduct that was fraudulent". (Def.'s Mem. in Supp. of Mot. to Dismiss, at 6). However, a reasonable inference from the factual allegations summarized above is that Leonidas knew the company was undervalued, knew what records were involved because

5

the financial reporting of SOMA Technology, Inc. was exclusively under his control, and thus knew how the conduct was fraudulent.

Leonidas also argues that the Third Amended Complaint is deficient because it "is all over the place and failed to specify the 'who, what, where, when and how' of fraud against Leonidas." (Def.'s Mem. in Supp. of Mot. to Dismiss, at 8). The court agrees that the Third Amended Complaint is less than a model of clarity, and that there are many details yet to be provided. However, many of these details are ones that will only become available to Dalamagas during the course of discovery, and the court has no difficulty discerning, based on the factual allegations that are made, the "who, what, where, when and how."

Therefore the motion to dismiss is being denied as to this cause of action.

### B. Second Cause of Action: Wage Theft

The plaintiff purports to bring a claim for violation of "the Federal 'Wage Theft Prevention and Wage Recovery Act.'" (3d Am. Compl., ¶ 67). The plaintiff refers to no specific statute. Leonidas notes that although a bill by this name has been introduced in Congress it has not been passed. Therefore, the motion to dismiss is being granted with respect to this part of the Second Cause of Action.

The Second Cause of Action also includes a claim for wage theft in breach of a contract and in violation of Connecticut General Statutes § 31-72.  Leonidas argues that Dalamagas fails to establish "the coverage of the written agreement, how the compensation structure falls within the definition of § 31-72, or how Leonidas falls within the definition of an employer responsible for nonpayment."  (*Id.* at 12.)

A plaintiff must establish three elements to allege a prima facie case under Connecticut General Statutes § 31-72.

> First, the defendant must be an "employer" as defined by section 31-71a(1) and the person allegedly owed wages must be an "employee" as defined by section 31-71a(2). Second, the amount sought to be recovered must qualify as a "wage" under section 31-71a(3) or a fringe benefit payable under section 31-76k. Finally, the employee must be entitled to monies that were withheld wrongfully by the defendant employer.

*Butler v. Cadbury Bevs.*, Inc., No. 3:97-CV-2241(EBB), 1999 U.S. Dist. LEXIS 16098, *1, 5 (D. Conn. June 29, 1999).

The statute provides that an "'[e]mployer' includes any individual, partnership, association, joint stock company, trust, corporation…employing any person;" an "'[e]mployee' includes any person suffered or permitted to work by an employer;" and "'[w]ages' means compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation."  Conn. Gen. Stat. 31-71(a).  Dalamagas' factual

7

allegations fall within these categories. Both an employee and consultant would fall under the definition of "any person…permitted to work," and Dalamagas' final paycheck falls under "compensation for labor or services rendered."

Likewise, both SOMA and Leonidas fall under the statute's definition of "employer." While Leonidas argues that this claim "also must fail because there is no allegation that Leonidas was 'the specific cause of the plaintiff not receiving [his wages],'" (Def.'s Mem. in Supp. of Mot. to Dismiss, at 13), Dalamagas specifically alleges that Leonidas and John Does I and II "withheld Plaintiff's wages in violation of Connecticut General Statutes 31-72." (3d Am. Compl., ¶ 68.) *See Butler v. Hartford Technical Institute, Inc.*, 243 Conn. 454 (1997) (affirming trial court's reasoning that the president of a company was personally liable for the non-payment of overtime wages because of evidence that he specifically caused the withholding). Further, Dalamagas alleges that, during the year that Dalamagas worked for SOMA, Leonidas had complete dominion and control over SOMA.

With respect to the requirement that the employee must be entitled to money that was withheld wrongfully, Dalamagas alleges that he earned his last paycheck by working through November 16, 2013 at the rate of $8,333.33 bimonthly.

While the claim with respect to the final paycheck falls

8

under the statute, Dalamagas has failed to allege facts sufficient to state a claim that "his annual expenses which were deducted in full from an earlier paycheck" are covered under the definitions of either "wage" or "fringe benefits" in Connecticut General Statutes §§ 31-71a or 31-76k.  (3d Am. Compl., ¶ 71.) Therefore the motion to dismiss is being granted with respect to this part of the Second Cause of Action to the extent it is based on Connecticut General Statutes § 31-72.

Dalamagas breach of contract claim also states a cause of action with respect to his last paycheck.  "The elements of a breach of contract claim are the formation of an agreement, performance by one party, breach of the agreement by the other party, and damages."  *Meyers v. Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.*, 311 Conn. 282, 291 (2014).  Dalamagas alleges that he agreed to work for one year in consideration for being paid $8,333.33 twice a month.  Dalamagas further alleges that he worked until November 16, 2013 and sent a letter on November 18, 2013 notifying Leonidas that his last paycheck was outstanding, and that Dalamagas has not received this money to date.

However, Dalamagas has failed to allege a cause of action for breach of contract with respect to his claim for annual expenses that were deducted.  There is no allegation in the

9

Third Amended Complaint that there was an agreement between the parties that Dalamagas' annual expenses would be paid.

Therefore, the motion to dismiss is being denied with respect to the claim under Connecticut General Statutes § 31-72 and the breach of contract claims to the extent those claims are based on the final paycheck and being granted to the extent those claims are based on annual expenses that were deducted.

### C. Third Cause of Action: Unjust Enrichment

There are two aspects to the unjust enrichment claim: the failure to pay wages, and the extent to which the defendants were unjustly enriched by hiding and concealing the value of SOMA prior to the Equity Purchase Agreement being executed.

With respect to the wage theft claim, Leonidas points out that "[g]enerally, litigants are precluded from asserting an 'unjust enrichment' claim based on subject matter governed by an express contract." *Richard Parks Corrosion Tech., Inc. v. Plas-Pak Indus.*, 2015 U.S. Dist. LEXIS 130694, at *14 (D. Conn. Sept. 29, 2015). However, here the plaintiff has pled this claim in the alternative. Leonidas contends that the plaintiff has not pled in the alternative in this case. While Leonidas correctly identifies technical deficiencies in pleading, the first paragraph of the Third Amended Complaint makes it sufficiently clear that the claim for unjust enrichment is being brought in the alternative.

10

With respect to hiding and concealing the value of SOMA prior to the execution of the Equity Purchase Agreement, the defendants argue that this claim should be dismissed for substantially the reasons for which the fraud claim should be dismissed. However, the court found Leonidas' arguments with respect to the fraud claim unpersuasive.

Therefore the motion to dismiss is being denied with respect to this cause of action.

### D. Fourth Cause of Action: Conversion

There are two parts to the Fourth Cause of Action: a claim with respect to a last paycheck, and a claim with respect to $967,000 "owed to SOMA from Bristol Med Wholesale LLC from the financial records, in advance of the Equity Purchase Agreement dated November 16, 2012." (3d Am. Compl., ¶ 97.)

Dalamagas alleges that "Defendants Leonidas and John Does I [and] II willfully and contumaciously withheld the last paycheck from Plaintiff in the amount of [] $8333.33." (3d Am. Compl., ¶ 103). Leonidas argues that Dalamagas has failed to state a claim for conversion with respect to his last paycheck because a "claim of conversion cannot be predicated on a mere breach of contract." (Def.'s Mem. in Supp. of Mot. to Dismiss, at 17.)

"The tort of [c]onversion occurs when one, without authorization, assumes and exercises ownership over property belonging to another, to the exclusion of the owner's rights."

11

*Sullivan v. Thorndike*, 104 Conn. App. 297, 307 (2007). Under Connecticut law, "[a]n action for conversion of funds may not be maintained to satisfy a mere obligation to pay money.... It must be shown that the money claimed, or its equivalent, at all times belonged to the plaintiff and that the defendant converted it to his own use." *Macomber v. Travelers Property & Casualty Corp.*, 261 Conn. 260, 650-51 (2002). With respect to the last paycheck, Dalamagas "at best describe[s] an obligation of [Leonidas] to pay money, which fails to state a claim of conversion." *Lawrence v. The Richman Grp. of Connecticut, LLC*, No. 3:03CV850 (JBA), 2004 WL 2377140, *7 (D. Conn. Sept. 30, 2004), *aff'd sub nom. Lawrence v. Richman Grp. of Connecticut, LLC*, 199 F. App'x 55 (2d Cir. 2006).

Dalamagas also alleges that Bristol Med Wholesale LLC owed $967,000 to SOMA and this obligation was omitted from the financial records prior to the execution of the Equity Purchase Agreement. As discussed above, in order to plead a cause of action for conversion, one must allege facts that show that the defendant "assumes and exercises ownership over property belonging to another". *Sullivan*, 104 Conn. App at 307. Dalamagas alleges in paragraph 98 that "plaintiff was a 50% owner of that money". (3d Am. Compl., ¶ 98.) However, the factual allegations in the Third Amended Complaint make it clear that the money at issue was owed to SOMA and that the

12

plaintiff's only tie to the money at the time it was allegedly converted was that he and Leonidas "each owned equal shares of SOMA". (3d Am. Compl., ¶ 2.) Thus the plaintiff has not alleged facts that show that Leonidas "assumed control and exercised ownership rights over money belonging to [him]." *Macomber*, 261 Conn. at 649.

Therefore the motion to dismiss is being granted with respect to the Fourth Cause of Action in its entirety.

**IV. CONCLUSION**

For the reasons set forth above, the defendants' Motion to Dismiss (Doc. Nos. 9, 15 and 36) is hereby GRANTED in part and DENIED in part. The motion to dismiss is being granted with respect to the Second Cause of Action as to the claim under the "Federal Wage Theft Act", and as to the claims for annual expenses based on Connecticut General Statutes § 31-72 and breach of contract; and with respect to the Fourth Cause of Action. The motion to dismiss is otherwise being denied, so Dalamagas' remaining causes of action are: the First Cause of Action; the Second Cause of Action as to claims with respect to the final paycheck based on Connecticut General Statutes § 31-72 and breach of contract; and the Third Cause of Action.

It is so ordered.

Dated this 22nd day of March, 2017, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge
